| 20 | 703 |
|----|-----|
| 82 | 25 |

## S. A. WHITE v. A. B. LEAVITT.

The proof shows that the goods were held and disposed of by White & Co. in trust for Leavitt, (as consignees) and there being no evidence that the trust was ever repudiated, the statute of limitations did not run upon the cause of action ; as it has often been decided by this Court.

The statute of limitations will not run against a demand, pending a garnishment thereof ; but see the special promise in this case.

Where the appellant assigned for error, that the Court below refused to give him time to get the testimony of the counsel of the adverse party, who had been taken sick and been compelled to retire from the Court-house pending the trial, it was held that as there was no affidavit of the materiality of said testimony, appellant had not put himself in a position to rightfully complain of the action of the Court, in not delaying the trial until he could procure it.

The dismissal as to one of two joint defendants, partners, who has been duly cited, when the cause is called for trial, does not, *ipso facto*, prevent the plaintiff from rightfully proceeding to trial and judgment against the other defendant, who is present in Court, in person or by attorney ; if the latter would object or claim benefit from such dismissal, he must do so by motion, exception or plea in the Court below.

Appeal from Victoria. Tried below before the Hon. Fielding Jones.

The appellee, in August, 1855, commenced this suit against S. A. White and James Ashworth, late partners under the name of S. A. White & Co., merchants doing a receiving, forwarding and commission business at Indianola. The petition alleged that in 1851 plaintiff placed in the hands of White & Co., a quantity of flour and an iron safe, which flour the defendants sold and

appropriated to their own use; that plaintiff hired or rented the iron safe to the defendants, and that the defendants sold and converted to their own use the iron safe, and refused to account for or pay over to plaintiff the money received for said flour and safe. There is a bill of particulars attached to petition. An amendment of the petition alleged that in April, 1851, Harris & Lacy instituted their suit in the District Court for the county of Galveston against Parmer & Luce, A. W. Leavitt and others, wherein they charged that Parmer & Luce were indebted to them, and that said flour, &c., had been sold to the said Leavitt in fraud of their rights, and prayed for and obtained a writ of garnishment against S. A. White & Co. It further alleged that said cause was determined by the Supreme Court of Texas in February, 1855, by which it was decreed that said property was the property of appellee, Leavitt.

White first answered for himself alone; and at a subsequent Term, filed an answer as attorney for both defendants. The answer was a general denial and plea of the statute of limitations of two years.

At the trial plaintiff proved the allegations of the petition. The Court instructed the jury in effect, that the statute of limitations would not run pending the garnishment. Verdict and judgment for plaintiff.

To the letters of S. A. White & Co., acknowledging the receipt of the goods, rendering account, and promising to pay over the proceeds if plaintiff should establish his right to the property in the suit in Galveston; dated in 1851 and 1852; defendant objected that they were inadmissible because the matter to which they related was barred by limitation.

It appeared by the entry of final judgment, that when the case was called for trial, plaintiff dismissed as to defendant Ashworth; and it did not appear that any objection was made by defendant White, or that he claimed any benefit therefrom. It was proved at the trial, that the firm of S. A. White & Co. was dissolved in 1852.

During the trial, while defendant was introducing his testimony, "defendant asked the Sheriff to call A. S. Cunningham, one of the plaintiff's counsel. The Court informed the Sheriff that Mr. Cunningham had left the Court-house, sick, and that it was not worth while to call him, and he was not called. Defendant moved for time to get his evidence; that it was important to the result of the suit; that Mr. Cunningham was the

leading counsel in the case, and was in the house until a few minutes before he was called; that his leaving was a surprise on defendant. The Court overruled the motion, and ruled defendant to proceed with the case, and defendant excepted."

*S. A. White*, for himself.

*A. S. Cunningham* and *J. J. Holt*, for appellee.

ROBERTS, J. This is an action for the recovery of the value of certain goods, consigned by appellee to White & Co. for sale, &c., which have never been accounted for. The proof is made out sufficiently to sustain the action, in accordance with the verdict of the jury.

The objections taken by appellant to the letters of White & Co., because they furnish evidence of a cause of action, apparently barred by the statute of limitations, is not tenable, that not being the proper time or manner of raising such a question.

The proof shows that the goods were held and disposed of by White & Co., in trust for Leavitt, and there being no evidence that the trust was ever repudiated, the statute of limitations did not run upon the cause of action; as it has often been decided by this Court.

The transcript of the attachment suit, instituted in Galveston, was properly admitted in evidence, to show when the funds in the hands of White & Co., belonging to Leavitt, were disembarrassed from the garnishment which was served on White & Co., that being the time at which White & Co. expressly agreed, in their letters, to account to Leavitt for his goods or the proceeds thereof.

The error assigned, that the appellant was not allowed the benefit of the testimony of the leading counsel of the plaintiff, who was sick and had to retire from the Court-house during the trial, was not supported by any affidavit of its materiality, either during or after the trial, and therefore he has not placed himself in a position to rightfully complain of the action of the Court, in not delaying the case until he could procure it.

At the trial the appellee, who was plaintiff below, dismissed his suit as to Ashworth, who was sued as a partner of White; which is now assigned as error. There was no exception taken to the dismissal, nor was there any motion or proceeding of any

45

kind predicated on it below; nor does it appear for what reason it was done, unless it be, that Ashworth ceased to be a partner of the house before the suit was brought, which was in proof, and from which it might have been inferred and was probably well known to the parties, that the proceeds of the goods still continued in White's possession, who continued in the business. From the facts of the case, it does not appear, nor has appellant taken any steps to show, that the dismissal as to Ashworth has prejudiced his rights, or is calculated so to do; and therefore we cannot hold it to be erroneous. (Horton v. Wheeler, 17 Tex. R. 52.)　Judgment is affirmed.

Judgment affirmed.